**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JUAN EVANS,**
        **Plaintiff,**

**vs.**                                  **Case No.: 3:06cv269/RV/MD**

**STATE OF FLORIDA, ET AL.,**
        **Defendants.**

---

**REPORT AND RECOMMENDATION**

        The pro se plaintiff has filed a motion for change of venue and to transfer. (Doc. 18).  Plaintiff seeks to transfer this action, in which he sues the State of Florida, inclusive of the Florida Supreme Court, the Florida Bar, the Florida Attorney General, the Department of Children and Family Services, and the state officials thereof.  In his second amended complaint he seeks declaratory and injunctive relief on the grounds that the legal authorities governing the unlicensed and unauthorized practice of law in the State of Florida are unconstitutional and void as applied to nonlawyer representatives such as himself, and should be enjoined from enforcement under federal law.  In his motion to transfer, plaintiff indicates that this case was improvidently filed in the Pensacola division of this court, and that it should have been filed in the Tallahassee division.  He seeks a transfer to that court.

        Venue for civil actions is governed generally by 28 U.S.C. § 1391(b), which provides:

> **A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,**

> or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* In the instant case, plaintiff concedes that the defendants reside in the Tallahassee division, because it is there that they perform their official duties.

Title 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14. In this case, however, plaintiff has filed a motion requesting a transfer. Upon review of the record, it appears that plaintiff's motion to transfer should be granted in the interest of justice.

Accordingly, it is respectfully RECOMMENDED:

That this case be TRANSFERRED to the United States District Court for the Northern District of Florida, Tallahassee Division.

At Pensacola, Florida this 16th day of November, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

Case 3:06-cv-00269-RV-MD   Document 19   Filed 11/16/06   Page 3 of 3

*Page 3 of  3*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;  *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:06cv269/RV/MD*